[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10830
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00077-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY KENDALL MANN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 24, 2011)

Before CARNES, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Larry Kendall Mann appeals, as part of his criminal judgment, the district

court's order requiring the criminal forfeiture of his land under 21 U.S.C. § 853(a),

because he pleaded guilty to distributing oxycodone while in a camper located on his land. Mann contends that the district court erred in finding that the camper from which he sold the oxycodone was located on his land.

"We review the district court's findings of fact for clear error." United States v. Kennedy, 201 F.3d 1324, 1329 (11th Cir. 2000). "It is the exclusive province of the judge in non-jury trials to assess the credibility of witnesses and to assign weight to their testimony," Hearn v. McKay, 603 F.3d 897, 904 (11th Cir. 2010) (alteration omitted), and "[w]e accord great deference to the district court's credibility determinations, " United States v. Clay, 376 F.3d 1296, 1302 (11th Cir. 2004). The trier of fact is "free to choose among alternative reasonable interpretations of the evidence," United States v. Tampas, 493 F.3d 1291, 1298 (11th Cir. 2007), and its "choice between permissible views cannot be clear error," United States v. Ndiaye, 434 F.3d 1270, 1305 (11th Cir. 2006).

Mann testified at the forfeiture hearing that the camper from which he made the oxycodone sales was located on a right of way next to his land. Captain Ron Rice, who participated in the controlled purchases, testified that the camper where the sales took place was on Mann's land. The district court's decision to credit Captain Rice's testimony over Mann's testimony was not clear error.

**AFFIRMED.**

2